UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| Sierra Lyttle,<br><br>　　　Plaintiff,<br><br>v.<br><br>Levy & Associates, LLC,<br><br>　　　Defendant. | Case No. 1:23-cv-00552<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE OHIO CONSUMER SALES PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY TRIAL DEMANDED** |

## PARTIES

1. Plaintiff, Sierra Lyttle ("Sierra"), is a natural person who resided in Cincinnati, Ohio, at all times relevant to this action.

2. Defendant, Levy & Associates, LLC ("Levy"), is an Ohio limited liability company that maintained its principal place of business in Columbus, Ohio, at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

4. Pursuant to 28 U.S.C. §1367(a), the Court also has Supplemental Jurisdiction over Plaintiff's claims under the Ohio Consumer Sales Practices Act, Ohio Rev. Code § 1345.01 et seq. ("OCSPA") because they share a common nucleus of operative fact with Plaintiff's claims under the FDCPA.

1

5. Pursuant to 28 U.S.C. § 1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## ARTICLE III STANDING

6. Sierra has Article III standing to bring this FDCPA claim against Levy because Levy's unwanted intrusions on Sierra's solitude, seclusion, and peace and quiet "bears a close relationship to the kind of harm that the common law sought to protect" through the tort of intrusion upon seclusion. *See Ward v. NPAS, Inc.,* 63 F.4th 576, 580-81 (6th Cir. 2023) ("[Plaintiff's] one unwanted call is injury enough.") (citing *Susinno v. Work Out World Inc.*, 862 F.3d 346, 351–52 (3d Cir. 2017) (unwanted phone call "was of the same character" as intrusion upon seclusion)) (also citing *Lupia v. Medicredit, Inc.*, 8 F.4th 1184, 1191–92 (10th Cir. 2021) (unwanted "phone call poses the same kind of harm recognized at common law—an unwanted intrusion into a plaintiff's peace and quiet")) (also citing *Melito v. Experian Mktg. Sols., Inc.*, 923 F.3d 85, 93 (2d Cir. 2019) (one unwanted text message was an Article III injury)) (additional citations omitted).

7. Sierra also has Article III Standing to bring this claim as Levy's prohibited telephone call(s) also caused harm to Sierra in that Levy caused her to lose time by having to tend to Levy's unwanted calls, distracted her and decreased her productivity at work.

8. Sierra has also suffered concrete harm as a result of Levy's actions, including but not limited to, invasion of privacy, aggravation that accompanies illegal collection communications, the increased usage of her telephone services, decreased the battery life on her cellular phone causing her to incur out of pocket cost to recharge, and diminished space for data storage on his cellular phone.

## STATEMENT OF FACTS

9. At all times relevant to this action, Levy collected consumer debts.

10. Levy regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

11. The principal source of Levy's revenue is debt collection.

12. Levy meets the definition of a "supplier" as defined by Ohio Rev. Code § 1345.01(C). *See Midland Funding L.L.C.. V. Brent, 644 F.Supp2d 961, 976 (N.D. Ohio 2009)(citing cases)*.

13. As described, *infra*, Levy contacted Sierra to collect a debt that was incurred primarily for personal, family, or household purposes.

14. This alleged obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

15. In or around Spring 2023, levy began contacting Sierra about a judgment it had incurred against Sierra.

16. Around this time, Levy began to enforce the judgment by, *inter alia*, attempting to garnish Sierra's wages.

17. As part of its enforcement activity, Levy began to communicate with Sierra in connection with the collection of the debt.

18. Beginning in March 2023, after receiving a 15 Day Notice relating to garnishment of Sierra's wages, Sierra began forcefully demanding Levy not communicate with her by telephone.

19. Sierra communicated her desire for Levy to only communicate with her in writing on multiple occasions by telephone, voicemail, and by electronic correspondence.

20. Despite her clear instructions, Levy telephoned Sierra on or around August 16, 2023, in violation of her explicit promulgated communication preferences, and disturbed Sierra while she was at work.

21. Levy violated the FDCPA and OCSPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

22. Plaintiff re-alleges and incorporates by reference Paragraphs 6 through 21 above as if fully set forth herein.

23. Defendant violated 15 U.S.C. § 1692c(a)(1) by calling Plaintiff at a time or place known to be inconvenient for Plaintiff.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

24. Plaintiff re-alleges and incorporates by reference Paragraphs 6 through 21 above as if fully set forth herein.

25. In order to establish a violation of Section 1692d of the FDCPA, a consumer need not prove intentional conduct by the debt collector. *See Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2nd Cir. 2010); *Horkey v. J.V.D.B. & Assocs., Inc.*, 333 F.3d 769, 774 (7th Cir. 2013) ("[Plaintiff] points to no evidence in the record regarding [Defendant's] intent, which is just as well, because intent is irrelevant" in a § 1692d claim).

26. "Instead, applying an objective standard, as measured by the 'least sophisticated consumer,' the consumer need only show that the likely effect of the debt collector's communication or conduct could be construed as harassment, oppression or abuse." *See Lee v. Credit Mgmt., LP*, 846 F. Supp. 2d 716, 721 (S.D. Tex. 2012).

27. The likely effect of Defendant's debt collection efforts, as measured by the "least sophisticated consumer" standard, was "to harass, oppress, or abuse" Plaintiff.

28. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT THREE

### Violation of the Ohio Consumer Sales Practices Act

29. Plaintiff re-alleges and incorporates by reference Paragraphs 6 through 21 above as if fully set forth herein.

30. Defendant's actions in attempting to collect the alleged debt from Plaintiff as described above constitute a "consumer transaction" as defined in Ohio Rev. Code § 1345.01(A).

31. Defendant's actions and omissions described above constitute unfair, deceptive, and unconscionable acts and practices, in violation of Ohio Rev. Code § 1345.02 and the substantive rules promulgated under the OCSPA.

32. Defendant knowingly committed the unfair and unconscionable acts and practices described above.

## JURY DEMAND

33. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

34. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    b. Judgment against Defendant under the OCSPA for treble damages, actual damages, non-economic damages, punitive damages and reasonable attorney's fees, witness fees, court costs, and other costs incurred by Plaintiff.

    c. For such other legal and/or equitable relief as the Court deems appropriate.

                                          RESPECTFULLY SUBMITTED,

Date:   September 1, 2023           By: /s/ Jeffrey S. Hyslip
                                                  Jeffrey S. Hyslip, Esq. (0079315)
                                                  Hyslip Legal, LLC
                                                  207 S. Harrison Street, Suite A
                                                  Algonquin, IL 60102
                                                  Phone: 614-362-3322
                                                  Email: jeffrey@hysliplegal.com

                                                  *Attorney for Plaintiff*